# EXHIBIT D

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

UNITED STATES OF AMERICA, . Criminal No. 1:01cr455
.
vs. . Alexandria, Virginia
. March 14, 2006
ZACARIAS MOUSSAOUI, . 9:30 a.m.
a/k/a Shaqil, a/k/a .
Abu Khalid al Sahrawi, .
.
Defendant. .
. .
. . . . . . . . . . .

TRANSCRIPT OF EVIDENTIARY HEARING
BEFORE THE HONORABLE LEONIE M. BRINKEMA
UNITED STATES DISTRICT JUDGE

APPEARANCES:

FOR THE GOVERNMENT: ROBERT A. SPENCER, AUSA
DAVID J. NOVAK, AUSA
DAVID RASKIN, AUSA
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, VA 22314
and
JOHN W. VAN LONKHUYZEN, ESQ.
U.S. Department of Justice
Counterterrorism Section
10th and Constitution Avenue, N.W.
Room 2736
Washington, D.C. 20530

FOR THE DEFENDANT: GERALD THOMAS ZERKIN
KENNETH P. TROCCOLI
ANNE M. CHAPMAN
Assistant Federal Public Defenders
Office of the Federal Public
Defender
1650 King Street
Alexandria, VA 22314

COMPUTERIZED TRANSCRIPTION OF STENOGRAPHIC NOTES

was there or not, but, again, this case, unlike most, is very transparent. That order of February 22nd, which came a week after that hearing, at the hearing I orally announced the rule, it was actually written and published on the 22nd, was available on the Moussaoui website for anyone in the world to see.

Now, I do think in hindsight, and a lot of this case involves hindsight, it probably was not judicious of the prosecution not to get that order out to its various constituencies, because it is true, if you don't know about an order, you may not realize you are violating it.

I have trouble believing that any experienced attorney would not have an appreciation in a major trial of at least checking to see if there was a rule on witnesses. This is a standard practice in both civil and criminal litigation, and so it is shocking to me that that would not have been looked into.

But regardless of the motivation, it is clear that the Court's intent in passing that rule was violated. And, you know, we even talked about the rule and the parameters of it. We made sure that victims were not included within it. We made sure that both -- experts for both sides were excluded from it, and so it is not something that was done as just a quick knee-jerk response to a request for a rule on witnesses.

Then during the testimony today, however, more things came out. Whether these witnesses have actually been tainted or not is almost impossible to tell. Certainly the best offense is a

good defense, and to the extent that witnesses might have been alerted to issues that they hadn't been thinking about, especially those government witnesses who might have been hostile, there clearly could be damage done to the defense's ability to make its case.

I don't think I can tell from this record. I mean, the six witnesses who did testify appear to be honest, credible people. I just can't tell the degree to which their testimony may have changed because of this improper communication.

I am, however, further concerned about this case because of the actions of Ms. Martin in telling witnesses -- telling at least one witness that he could not speak with the defense and by clearly misrepresenting to the prosecuting team that three witnesses -- that two witnesses had explicitly said they would not agree to meet with defense counsel for an interview, and then relying upon that information, the prosecutors communicated that to the defense.

As I said earlier, I think based upon this quantum of not only violation of the Court's order but certainly in terms of telling a witness not to talk to opposing counsel, that's a violation of the ethical canons for lawyers and, I'm not even sure, a government requirement that may have been violated there as well.

There's just a number of errors that are so serious that I think that at least a portion of the government's case has been