# EXHIBIT F

**Patent Law Fundamentals**
**Database updated September 2007**
John Gladstone Mills III, Donald C. Reiley III, and Robert C. Highley

**Part I. Basic Principles of Patent Protection**
**Chapter 1. What a Patent Is**

References; Correlation Table

§ 1:19. Patent rights, physical embodiments, and implied license to use

**West's Key Number Digest**

West's Key Number Digest, Patents 1

**A.L.R. Library**

A.L.R. Index: Patents

Patents are endowed by statute with the attributes of personal property. [FN1] Such property is said to be abstract, incorporeal, or intangible in that it can and often does have an existence (i.e., an ownership) separate and distinct from a material or physical object (the legal term for which is "chattel") incorporating or embodying the same. Patents are not "goods" in commerce under Lanham Act § 43(a), 15 U.S.C.A. § 1125(a).[FN2] When one purchases a device which embodies one or more claims of a subsisting patent, albeit from the patentee or from one whom the patentee has authorized to make and/or sell, one does not thereby acquire any rights in the patent apart from what is called an implied license to use the very object or chattel purchased. [FN3] Such implied license to use includes the right to repair.[FN4]

A license, express or implied, is a defense to a cause of action for patent infringement.[FN5] To support the defense of an implied license, an accused infringer must establish two elements:[FN6] (1) the circumstances of the sale of the device accused of infringing must plainly indicate that the grant of a royalty-free license by the patent owner should be inferred; and (2) the equipment involved must have no noninfringing uses. When an equipment purchaser is notified at the time of sale of a requirement for a patent license, such express notice precludes the grant of an implied license under the patent. [FN7] The scope of such implied license does not so extend to repair or replacement as to obviate the fact that *directly* infringing repair parts still *directly* infringe.[FN8]

The Uniform Commercial Code contains a provision to the effect that unless otherwise agreed, a seller who is a merchant regularly dealing in goods of the kind warrants that the goods shall be delivered free of the rightful claims of any third person by way of infringement or the like.[FN9] The Federal Circuit has held that U.C.C. § 2-312(c) is not preempted by the marking provisions of 35 U.S.C.A. § 287(a).[FN10] Intellectual property has been deemed not to be a "good" for purposes of Lanham Act § 43(a), 15 U.S.C.A. § 1125(a).[FN11] There is no warranty that a buyer's use of such goods will be free of all infringement.[FN12]

It is well settled that the unrestricted sale of a patented article by the owner of the patent conveys to the purchaser the right of unrestricted ownership as against the vendor.[FN13] But the purchaser does not acquire any right greater than those possessed by the owner of the patent.[FN14] Long ago the Supreme Court noted that, where a sale is absolute, and without any conditions, the rule is well settled that the purchaser may continue to use the implement or machine purchased until it is worn out, or he may repair it or improve upon it as he pleases, in the

© 2007 Thomson/West. No Claim to Orig. US Gov. Works.

same manner as if dealing with property of any other kind.[FN15] In the words of the Court:[FN16]

> Undoubtedly the general rule is that if a patentee makes a structure embodying his invention and unconditionally makes a sale of it, the buyer acquires the right to use the machine without restrictions, and when such machine is lawfully made and unconditionally sold, no restriction upon its use will be implied in favor of the patentee. By such unconditional sale the machine passes without the limit of the monopoly.

The owner of a patent may, however, by express conduct, negate or limit the extent of an implied license to use apparatus, products, and/or processes embodying his patent(s). In fact, the owner of a patent can choose any number of ways to exploit his patent(s). If he has claims drawn to both apparatus and a method of use thereof, he can charge one price for the apparatus and an additional fee each time the claimed method is used.[FN17] Moreover, it has been held that the acquisition of a patented embodiment from a *subsidiary* of the patent owner is not in itself sufficient to establish the grant of an implied license from the parent corporation/patent owner.[FN18] To restrict the right of a purchaser of an apparatus embodying a patented invention to use it for the purposes for which it is pecularily adapted, there must appear some express or implied agreement by which the mode or time or place of the use has been limited.[FN19]

A license implied-in-fact[FN20] also may arise with respect to embodiments of a patented invention which--though not expressly authorized by the patent owner--result from a failure of the patent owner to enforce its patent rights, i.e., by acquiescence, by conduct, by estoppel (legal or equitable),[FN21] or by laches.[FN22] Whether such an implied-in-fact license exists is a question of law.[FN23]

Where one separately acquires the components of a patented combination from or through the owner of the patented combination there is deemed to exist an implied license to assemble the combination.[FN24] Unless the circumstances indicate otherwise, an implied license arising from the sale of a component to be used in a patented combination extends only to the life of the component whose sale and purchase created the license.[FN25] An accused infringer that asserts an implied license as a defense to a suit for patent infringement must demonstrate that any patent under which an implied license is asserted is necessary for the exercise and enjoyment of explicitly granted rights.[FN26] Where a party argues that the sale of a device carries with it an implied license to use that device in practicing a patented invention, that party has the burden to show that, inter alia, the purchased device has no noninfringing uses.[FN27] A license, moreover, does not amount to an interest in the patent but rather merely to immunity from suit for patent infringement. Ordinarily ownership of a physical object or chattel embodying a patent may be transferred independently of the intangible patent rights. Interesting questions of law arise when attempts are made by the patentee to restrict (as by notice to such effect on the chattel itself) distribution of the same after the chattel has passed into the channels of trade. *See* Ch 19. Cognate problems arise when the patent is a combination of mechanical elements and one or more of such elements wears out. Is replacement permissible repair or impermissible reconstruction? *See* Ch 20.

As a general rule the first sale terminates the exclusive right to vend the chattel in which the invention is embodied.[FN28] Such sale need not be a truly voluntary one, but can consist of some reasonable and recognized form of compulsory transfer, such as a judicial sale;[FN29] the sale of embodiments by an aggrieved seller to remedy a buyer's breach pursuant to state-based common law;[FN30] or pursuant to a provision of the Uniform Commercial Code.[FN31]

[FN1]35 U.S.C.A. § 261.

[FN2]Pro-Mold and Tool Co., Inc. v. Great Lakes Plastics, Inc., 75 F.3d 1568, 1575, 37 U.S.P.Q.2d (BNA) 1626, 1631 (Fed. Cir. 1996); Tubeco, Inc. v. Crippen Pipe Fabrication Corp., 402 F. Supp. 838, 848, 187 U.S.P.Q. (BNA) 746 (E.D. N.Y. 1975), aff'd, 538 F.2d 314 (2d Cir. 1976); Hans-Jurgen Laubeand Oxidwerk HJL AG v. KM Europa Metal AG, 47 U.S.P.Q.2d (BNA) 1058, 1060, 1998 WL 148427 (S.D. N.Y. 1998). *Compare,*Repap Enterprises Inc. v. Kamyr Inc., 27 U.S.P.Q.2d (BNA) 1685, 1690, 1993 WL 322881 (E.D. Pa. 1993). *See* § 5:57, *infra.*

© 2007 Thomson/West. No Claim to Orig. US Gov. Works.

[FN3]Pettibone Corp. v. Fargo Mach. & Tool Co., 447 F. Supp. 1278, 1281, 198 U.S.P.Q. (BNA) 42, 45-46 (E.D. Mich. 1978); Leesona Corp. v. U. S., 198 U.S.P.Q. (BNA) 4, 19-20, 1978 WL 14862 (Ct. Cl. Trial Div. 1978).

[FN4]Porter v. Farmers Supply Service, Inc., 790 F.2d 882, 229 U.S.P.Q. (BNA) 814 (Fed. Cir. 1986); National-Standard Co. v. UOP, Inc., 616 F.2d 339, 205 U.S.P.Q. (BNA) 590 (7th Cir. 1980).

[FN5]35 U.S.C.A. § 282. *See* §§ 20:10 to 20:37, *infra.*

[FN6]Met-Coil Systems Corp. v. Korners Unlimited, Inc., 803 F.2d 684, 231 U.S.P.Q. (BNA) 474, 476 (Fed. Cir. 1986); Jacobson v. Cox Paving Co., 19 U.S.P.Q.2d (BNA) 1641, 1652, 1991 WL 328445 (D. Ariz. 1991), aff'd, 949 F.2d 404, 21 U.S.P.Q.2d (BNA) 2040 (Fed. Cir. 1991).

[FN7]Met-Coil Systems Corp. v. Korners Unlimited, Inc., 803 F.2d 684,231 U.S.P.Q. (BNA) 474, 476 (Fed. Cir. 1986); Jacobson v. Cox Paving Co., 19 U.S.P.Q.2d (BNA) 1641, 1652, 1991 WL 328445 (D. Ariz. 1991), aff'd, 949 F.2d 404, 21 U.S.P.Q.2d (BNA) 2040 (Fed. Cir. 1991).

[FN8]Laitram Corp. v. Cambridge Wire Cloth Co., 229 U.S.P.Q. (BNA) 933, 935, 1986 WL 89633 (D. Md. 1986). *See* § 20:4, § 20:7, *infra.*

[FN9]U.C.C. § 2-312. *See* § 17:30, *infra.* See generally P.A. Alces & H.F. See, The Commercial Law of Intellectual Property (Little Brown & Co. 1994).

[FN10]Cover v. Hydramatic Packing Co., Inc., 83 F.3d 1390, 1393, 38 U.S.P.Q.2d (BNA) 1783, 1785-86 (Fed. Cir. 1996). *See* §§ 2:18 to 2:25, *infra.*

[FN11]Hans-Jurgen Laube and Oxidwerk HJL AG v. KM Europa Metal AG, 47 U.S.P.Q.2d (BNA) 1058, 1060, 1998 WL 148427 (S.D. N.Y. 1998). *See* § 5:57, *infra.*

[FN12]Motorola, Inc. v. Varo, Inc., 656 F. Supp. 716, 718, 1 U.S.P.Q.2d (BNA) 1575, 1577, 2 U.C.C. Rep. Serv. 2d 437 (N.D. Tex. 1986).

[FN13]U.S. v. Univis Lens Co., 316 U.S. 241, 249-51, 62 S. Ct. 1088, 86 L. Ed. 1408, 53 U.S.P.Q. (BNA) 404, 407-08 (1942); B.B. Chemical Co. v. Ellis, 314 U.S. 495, 497, 62 S. Ct. 406, 86 L. Ed. 367, 52 U.S.P.Q. (BNA) 33, 35 (1942); Leitch Mfg. Co. v. Barber Co., 302 U.S. 458, 460-61, 58 S. Ct. 288, 82 L. Ed. 371, 36 U.S.P.Q. (BNA) 35, 36 (1938); Met-Coil Systems Corp. v. Korners Unlimited, Inc., 803 F.2d 684, 685-86, 231 U.S.P.Q. (BNA) 474, 475 (Fed. Cir. 1986); Porter Needle Co. v. National Needle Co., 17 F. 536, 537 (C.C.D. Mass. 1883).

[FN14]**Featherstone v. Ormonde Cycle Co., 53 F. 110, 111 (C.C.S.D. N.Y. 1892)**; Sanofi, S.A. v. Med-Tech Veterinarian Products, Inc., 565 F. Supp. 931, 220 U.S.P.Q. (BNA) 416, 421 (D.N.J. 1983). *See* § 19:1, § 19:24, *infra.*

[FN15]Mitchell v. Hawley, 83 U.S. 544, 21 L. Ed. 322 (1872). *See* § 20:7, *infra.*

[FN16]Adams v. Burke, 84 U.S. 453, 21 L. Ed. 700 (1873); Heaton-Peninsular Button-Fastener Co. v. Eureka Specialty Co., 77 F. 288, 290 (C.C.A. 6th Cir. 1896).

[FN17]Signode Corp. v. Weld-Loc Systems, Inc., 700 F.2d 1108, 1114, 218 U.S.P.Q. (BNA) 293, 297 (7th Cir. 1983).

[FN18]Sanofi, S.A. v. Med-Tech Veterinarian Products Inc., 222 U.S.P.Q. (BNA) 143, 148-49, 1983 WL 417 (D.

© 2007 Thomson/West. No Claim to Orig. US Gov. Works.

Kan. 1983).

[FN19]Edison Electric Light Co. v. Peninsular Light, Power & Heat Co., 101 F. 831, 835 (C.C.A. 6th Cir. 1900). *See* § 19:24, *infra.*

[FN20]Zapata Industries, Inc. v. W.R. Grace & Co.-Conn., 51 U.S.P.Q.2d (BNA) 1619, 1625, 1999 WL 33268643 (S.D. Fla. 1999).

[FN21]Wang Laboratories, Inc. v. Mitsubishi Electronics America, Inc., 103 F.3d 1571, 1580, 41 U.S.P.Q.2d (BNA) 1263, 1271 (Fed. Cir. 1997). *See* § 20:45, *infra.*

[FN22]Odetics, Inc. v. Storage Technology Corp., 185 F.3d 1259, 1272, 51 U.S.P.Q.2d (BNA) 1225, 1233-34 (Fed. Cir. 1999). *See* § 20:45, *infra.*

[FN23]Met-Coil Systems Corp. v. Korners Unlimited, Inc., 803 F.2d 684,687, 231 U.S.P.Q. (BNA) 474, 476-77 (Fed. Cir. 1986).

[FN24]International Election Systems Corp. v. Shoup, 452 F. Supp. 684, 200 U.S.P.Q. (BNA) 79, 95 (E.D. Pa. 1978), aff'd, 595 F.2d 1212 (3d Cir. 1979).

[FN25]Carborundum Co. v. Molten Metal Equipment Innovations, Inc., 72 F.3d 872, 37 U.S.P.Q.2d (BNA) 1169, 1173 (Fed. Cir. 1995).

[FN26]Lever Bros. Co. v. Procter & Gamble Distributing Co., 668 F. Supp. 924, 5 U.S.P.Q.2d (BNA) 1239 (D.N.J. 1987). *See* § 20:9, *infra.*

[FN27]Glass Equipment Development, Inc. v. Besten, Inc., 174 F.3d 1337, 1341-42, 50 U.S.P.Q.2d (BNA) 1300, 1302-03 (Fed. Cir. 1999); Carborundum Co. v. Molten Metal Equipment Innovations, Inc., 72 F.3d 872, 878, 37 U.S.P.Q.2d (BNA) 1169, 1172 (Fed. Cir. 1995); Bandag, Inc. v. Al Bolser's Tire Stores, Inc., 750 F.2d 903, 925, 223 U.S.P.Q. (BNA) 982, 998 (Fed. Cir. 1984).

[FN28]*See* § 19:24, *infra.*

[FN29]Wilder v. Kent, 15 F. 217, 219 (C.C.W.D. Pa. 1883); Sawin v.Guild, 21 F. Cas. 554, 555 (C.C. Mass. 1813).

[FN30]Platt & Munk Co. v. Republic Graphics, Inc., 315 F.2d 847, 853- 54, 137 U.S.P.Q. (BNA) 268, 273 (2d Cir. 1963) (copyright).

[FN31]McCoy v. Mitsuboshi Cutlery, Inc., 67 F.3d 917, 922, 36 U.S.P.Q.2d (BNA) 1289, 1292 (Fed. Cir. 1995).

© 2007 Thomson/West

PATLAWF § 1:19
END OF DOCUMENT