**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| HONEYWELL INTERNATIONAL, INC., and HONEYWELL INTELLECTUAL PROPERTIES, INC., | ) | |
| Plaintiffs, | ) | No. 02-1909C |
| v. | ) | |
| | ) | Judge Susan G. Braden |
| THE UNITED STATES, | ) | |
| Defendant, | ) | |
| and | ) | |
| LOCKHEED MARTIN CORPORATION and L3 COMMUNICATIONS CORPORATION, | ) | |
| Defendant-Intervenors. | ) | |

**DEFENDANT THE UNITED STATES' MOTION**
**TO STRIKE PORTIONS OF PLAINTIFFS' OPPOSITION BRIEF**

The United States ("Government") respectfully moves to strike certain portions of plaintiffs Honeywell International, Inc. and Honeywell Intellectual Properties, Inc.'s (collectively, "Honeywell") October 12, 2007 Post-Trial Opposition Brief Regarding Defenses ("HW Br."). The brief contains several inadmissible portions that must be stricken from the record, and which should not be considered by the Court in deciding the present dispute.

Specifically, the Government moves that the Court strike the following portions of Honeywell's brief:

- Citations to Dr. Task's deposition, PTX-834, on pages 43 and 100 of the brief;

- Exhibit A, entitled *Image Intensifiers: Past and Present*, as well as the reference to Exhibit A on page 63 of the brief; and
- Exhibit C, email from Penn State counsel to Honeywell counsel, as well as the reference to Exhibit C on page 119 of the brief.

The grounds for the Government's motion will be summarized below.

## I. CITATION TO DR. TASK'S DEPOSITION IS IMPROPER

Honeywell cites to Dr. Task's deposition (PTX-834), at least twice in its brief, on pages 43 and 100. Dr. Task testified live at trial, and Honeywell had ample opportunity to cross-examine Dr. Task, both in the Government's case-in-chief and during rebuttal argument. As such, Dr. Task's deposition is hearsay under Federal Rule of Evidence 802 and is inadmissible. No exception to the hearsay rule applies; the cited portions of Dr. Task's deposition are not inconsistent with any testimony Dr. Task presented at trial (FRE 801(d)(1)), nor do they fall within any of the accepted exceptions of FRE 803.

If Honeywell wished to have Dr. Task testify on the topics for which he is cited on pages 43 and 100, Honeywell's counsel could have explored those areas at trial. Alternatively, Honeywell could have attempted to impeach Dr. Task with any allegedly inconsistent statements from his deposition. FRE 801(d)(1). For whatever reason, Honeywell chose not to, and deprived the Court of the ability to hear the testimony in person, as well as the Government the ability to further explore these topics in open court. For these reasons, the Court should strike all references to DE-834, Dr. Task's deposition, from Honeywell's brief, and should refuse to consider the deposition transcript when deciding issues pertaining to the Government's defenses.

## II. HONEYWELL HAS NOT JUSTIFIED SUPPLEMENTING THE RECORD WITH EXHIBIT A

Exhibit A is a document entitled *Image Intensifiers: Past and Present* that was produced by the Government during discovery, bearing page numbers GVT008-0547 to -0548.[1] No party has ever included this document in its list of exhibits for any of the several trials that have been conducted in the present lawsuit. Honeywell explicitly recognizes this fact in its brief. HW Br. at 63, n.14. Because it was never entered into evidence at trial, and no witness has ever provided testimony on the document, Honeywell's attempt to supplement the record at this late stage should fail.

Honeywell's justification for the late submission of this document is that, allegedly, it was unaware of the Government's assertion that ANVIS goggles contained an objective lens filter with a 625nm cutoff, until it received the Government's opening post-trial brief on defenses. HW Br. at 63, n.14. This justification carries no water. The fact that ANVIS goggles originally contained a 625nm filter has been discussed throughout the present case. As an example, Dr. Task noted that ANVIS goggles have such a filter in his original expert report on invalidity, which was provided to Honeywell on June 17, 2005. (June 17, 2005 Rept. at ¶19). Honeywell cannot now claim surprise as to a fact that has been established in the record for over two years.

Due to Honeywell's unreasonable delay in citing this document, the Government has been deprived of any ability to explore the merits of the assertions in the document, or depose or call any witnesses to testify as to the document. The Court's reliance on Exhibit A would

[1]The document was produced again at a later time, bearing page numbers GVT019-1755 to -1757.

therefore prejudice the Government. For this reason, Exhibit A must be stricken from Honeywell's brief, as well as the citation to Exhibit A found on page 63 of the brief.

**III. EXHIBIT C IS NOT IN THE RECORD AND IS INADMISSIBLE**

Honeywell includes as Exhibit C to its brief an email exchange between its counsel, Mark Koehn, and counsel for Penn State, Matt Rogers. HW Br. at 119. Based on the date of the email, it appears that Honeywell was in possession of this correspondence as of February 14, 2007. The email was never provided to the Government, however, until Honeywell filed its opposition brief on October 12, 2007, approximately eight months later.

This unreasonable delay justifies exclusion of the document on its own. If provided earlier, the Government could have sought further information from Penn State counsel regarding the email, or even moved to reopen the record to call Mr. Rogers to testify. Honeywell's brief does not even attempt to provide a transparent excuse for the late surfacing of Exhibit C, as it did with Exhibit A; its brief is completely silent as to an explanation for its delay. Because of Honeywell's unreasonable and unexplained delay, the Government has been unable to fully explore the facts asserted in the email, and prepare an appropriate response. This prejudice to the Government justifies striking Exhibit C on its own.

As an additional ground for excluding Exhibit C, the Government notes that the email exchange is complete hearsay under FRE 802, and therefore is inadmissible. Neither Mr. Rogers or Mr. Koehn testified at trial or are a party, so no FRE 801(d) exception can apply; the emails are therefore out-of-court statements offered to prove the truth of their contents, which is prohibited by Rule 802. Honeywell has not asserted that any of the FRE 803 exceptions apply to Exhibit C, and none appear to.

For these reasons, the Court should strike Exhibit C from Honeywell's brief, as well as the citation to Exhibit C found on page 119 of the brief. The Exhibit is hearsay, and its prejudice to the Government is compounded by the fact that Honeywell held the document for eight months without producing it to the parties. To rely on such a document in coming to a determination on the Government's defenses would be clear error.

## IV. CONCLUSION

For all the foregoing reasons, the Government respectfully requests that the Court strike the portions of Honeywell's opposition brief on damages listed above. The portions either cite hearsay, which is inadmissible under the Federal Rules of Evidence, or refer to late-surfaced documents which are not part of the trial record and whose use will prejudice the Government.

Submitted by,

PETER D. KEISLER
Assistant Attorney General

JOHN FARGO
Director

Dated: November 9, 2007

s/*Christopher L. Crumbley*
CHRISTOPHER L. CRUMBLEY
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, D. C. 20530
Telephone: (202) 307-0415
Facsimile: (202) 307-0345

Attorneys for the United States

OF COUNSEL:
TREVOR M. JEFFERSON