IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| HONEYWELL INTERNATIONAL INC., and HONEYWELL INTELLECTUAL PROPERTIES INC.,<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant, and<br><br>LOCKHEED MARTIN CORP. and L3 COMMUNICATIONS CORP.,<br><br>Defendant-Intervenors. | No. 02-1909C<br>(Judge Braden) |

**HONEYWELL'S OPPOSITION TO THE GOVERNMENT'S MOTION TO STRIKE AND, ALTERNATIVE, CROSS-MOTION TO STRIKE THE GOVERNMENT'S NEW OBVIOUSNESS DEFENSE BASED UPON VERNEY (DE-511) ALONE**

Plaintiffs Honeywell International Inc. and Honeywell Intellectual Properties Inc. (collectively, "Honeywell") hereby oppose the Government's motion to strike selected portions of Honeywell's post-trial opposition brief filed October 15, 2007 (corrected version) and, in the alternative, cross-move to strike a portion of the Government's opening post-trial brief filed August 24, 2007.

There is no basis for striking the portions of Honeywell's brief to which the Government objects. *First*, as explained in further detail below, the relevant portions of Dr. Task's deposition were quoted and discussed by Mr. Tannas in his written direct testimony, PTX-834. This testimony was received in evidence without objection (Tr. 1049) and is therefore properly cited and quoted in Honeywell's brief. *Second*, Honeywell submitted Exhibit A with its brief only to

respond to an invalidity argument raised for the first time in the Government's reply brief. If the Court rules that this Exhibit A should be stricken, then Honeywell respectfully requests that the Court also strike pages 32-35 of the Government's opening post-trial brief on defenses, containing the Government's new argument that Exhibit A rebuts.

Finally, Exhibit C contains e-mail correspondence from counsel for Penn State to Honeywell regarding the procedures followed by the Government in obtaining a second affidavit from former Penn State library employee, Delores Wiant. Honeywell submitted Exhibit C as further confirmation of facts that are otherwise of record in order to assist the Court in assessing the reliability of Ms. Wiant's deposition testimony and determining the weight that should be given that testimony. (*See* HW Br. at 119-21; DE-688 at 51, 56-59, 63, 65; DE-695.) While the Government cannot legitimately claim to have been surprised by the facts set forth in Exhibit C, Honeywell nevertheless agrees that it would not be error to strike the exhibit.

### A. The Portions Of Dr. Task's Deposition Quoted In Honeywell's Brief Are Part Of The Trial Record And Properly Relied Upon By Honeywell

In its motion, the Government first seeks to strike "[c]itations to Dr. Task's deposition, PTX-834, on pages 43 and 100 of [Honeywell's] brief." (Gov't Motion at 1.) The Government misstates the record in two respects. *First,* PTX-834 is *not* Dr. Task's deposition, but Mr. Tannas' written direct testimony, which has been received in evidence without objection. (Tr. 1049.) *Second,* Honeywell quotes from PTX-834 on pages 43 and 68 of its brief, not page 100, as stated by the Government. It is unclear why the Government's motion references page 100 of Honeywell's brief, which contains no cite to or quote from Dr. Task's deposition.

Mr. Tannas relied upon and quoted from Dr. Task's deposition in his direct testimony, as follows:

> Uchida (DE-515) contains no discussion regarding the use of LCD displays in aircraft cockpits, NVG compatibility or the filtering of

> displays to provide NVG compatibility. In his deposition, Task testified that he selected DE-515 as a secondary reference because it discloses multiple filters like the '914 patent, not because there was any suggestion in the prior art or elsewhere to provide an NVG compatible LCD display using complementary filtering. (Task 10/11/06 Depo. Tr. 254-55 ("Q So you were looking for a reference that would disclose a display like the accused display? … THE WITNESS: Not necessarily like the accused display. Like in the sense that there's multiple filters involved. That similarity. … Q Why were you looking for a reference that disclosed multiple filters? A Because that's how one ends up naturally obtaining a -- a situation where you get something that looks like it infringes the 914 patent as issued.").)

(PTX-834 at 87-88, ¶ 279.) Mr. Tannas' direct testimony, including the quote from Dr. Task's deposition, was received in evidence without objection from defendants.

> MS. ROESEL: Your Honor, at this time plaintiffs offer Plaintiffs Trial Exhibit 834, the direct testimony of plaintiffs' expert, Lawrence E. Tannas.
>
> THE COURT: Mr. Crumbley.
>
> MR. CRUMBLEY: No objection, Your Honor.
>
> MR. HARBIN: No objection, Your Honor.
>
> MR. MADDEN: No objection, Your Honor.

(Tr. 1049.)

In its post-trial brief, Honeywell cited and quoted from only those portions of Dr. Task's deposition testimony that became part of the trial record with the admission of Mr. Tannas' direct testimony, PTX-834. (HW Br. at 43, 68.) While Honeywell understands why the Government now wants to exclude its expert's admission from the record, it is too late because Mr. Tannas' direct testimony has already been received in evidence without any objection or motion to strike any portion of that testimony. *State of New York v. Microsoft,* No. CIV A. 98-1233 (CKK), 2002 WL 649951, at *6 (D.D.C. Apr. 12, 2002) ("in this country the general rule supported by overwhelming weight of authority is that where ordinarily inadmissible hearsay

evidence is admitted into evidence without objection it may properly be considered and accorded its natural probative effect, as if it were in law admissible"); 4 HANDBOOK OF FED. EVID. § 802.1 (6th ed. 2007) (in the absence of an objection, hearsay evidence "is to be given its natural probative effect as if it were in law admissible") (citation omitted)).

The Government's motion to strike portions of Honeywell's post-trial brief only highlights the relevance of Dr. Task's admission, which unequivocally demonstrates Defendants' impermissible reliance on ***hindsight*** in selecting Uchida (DE-515) and the '963 patent (DE-519) as secondary references, reconstructing the invention not by working forwards from the prior art but by working backwards based on the teachings of the '914 patent. Defendants have no reason or explanation for why one of ordinary skill addressing the problem of "placing a full color display in a cockpit, and making the display compatible with a pilot's night vision goggles" (Gov't 8/24/07 Br. at 20) in 1985 would have selected a display having separate red, green and blue filters (such as the LCD of Uchida (DE-515) or the projection display of the '963 patent (DE-519)), rather than seeking to improve the full color displays (such as CRTs) that were being used in military aircraft at the time. *KSR Int'l Co. v. Teleflex Inc.*, 127 S. Ct. 1727, 1741 (2007) ("it can be important to identify a reason that would have prompted a person of ordinary skill in the relevant field to combine the elements in the way the claimed new invention does"). Dr. Task's admission demonstrates that the Defendants selected Uchida (DE-515) and the '963 patent (DE-519) using an impermissible hindsight analysis: "that's how one ends up … obtaining … something that looks like it infringes the 914 patent." (PTX-834 at 87-88, ¶ 279, quoting Task 10/11/06 Depo. at 254-55.)

Dr. Task's admission is in evidence, and that admission precludes a finding of obviousness.

**B. Honeywell Relies Upon Exhibit A – A Paper Authored By Army Major Verona Of The Night Vision Labs – Solely In Rebuttal To The Government's Newly Minted Obviousness Defense**

Honeywell relies on Exhibit A to its opposition brief solely as rebuttal to an entirely new obviousness defense that was raised for the first time in the Government's post-trial brief. (Gov't 8/24/07 Br. at 32-35; HW Br. at 60-65.) Specifically, although the Government and its expert had previously asserted numerous different combinations of prior art references (DE-500 at 11-12, ¶ 27), neither the Government nor its expert previously asserted the claimed invention would have been obvious in 1985 in view of Verney (DE-511) alone. The Government improperly raised this defense for the ***first time*** in its post-trial brief. (HW Br. at 60-61.) Whereas Dr. Task's prior art combinations each included a "primary reference" that he believed taught the "basic concept" of complementary filtering, the Government disregarded its expert's opinion, asserting in its post-trial brief that the invention would have been obvious in view of Verney (DE-511) alone, even though Verney does not teach complementary filtering. (Task Tr. 1708.)[1]

[1] Other than the Government's motion to strike, Defendants have no response to Honeywell's rebuttal evidence, which demonstrates that Verney (DE-511) has no relevance to complementary filtering, which Defendants contend is the "basic concept" of the invention. (HW Br. at 61; Tr. 1539.) Nor have Defendants responded to Honeywell's showing that the elements of claim 2 are absent from the prior art, even if Verney were combined with the other references relied upon by Defendants. (HW Br. at 59-60.) For example, despite their heavy reliance on the filter disclosed in Verney, Defendants have not identified any fourth filter anywhere in the prior art that would cooperate with the Verney filter to substantially block a narrowband of the red color band and permit the NVGs to function, as required by claim 2. (HW Br. at 60.) Thus, Defendants have not shown that Verney, even if combined with one or more of Defendants' other references, meets all limitations of the claim. Because not all claim elements can be found in the prior art, even when combined, this case is clearly distinct from *KSR*, where it was undisputed that all elements of the claim were known in the prior art, and the sole issue was obviousness to combine the references. In contrast to *KSR*, the issue in this case is not merely whether it would have been obvious to combine A and B, or even A, B and C, because even the combination of A plus B plus C fails to include all elements of the claim. (*See* HW Br. at 28-30, 54-63, 68-70.)

Exhibit A to Honeywell's post-trial brief is a 1985 article authored by Army Major Verona of the Night Vision Labs at Fort Belvoir and directly refutes the Government's belated assertion that Verney (DE-511) would have taught one of ordinary skill in the art to use the "fourth" filter of claim 2. (HW Br. at 62-63.) Specifically, the Verona article demonstrates that ANVIS goggles, such as those referenced in Figure 10 of Verney (DE-511), had a minus blue filter that rejected wavelengths less than 600 nanometers, but would *not* substantially block a narrowband of the red color band. (HW Br., Ex. A at GVT019-1757.) The Verona article supports information found elsewhere in the record, namely the Aeronautical Design Standard (DE-517), which likewise states that the ANVIS filter had a 600 nanometer cutoff and therefore would not stop red light from interfering with the NVGs. Notably, the Government has made no attempt to contest the facts demonstrated by the Aeronautical Design Standard or the Verona article.

### C. If The Court Strikes The Verona Article, Then The Government's Newly Contrived Obviousness Defense Should Also Be Stricken

To the extent the Court considers the Government's new obviousness defense that is based on Verney alone, the Court should also consider the Verona article (Exhibit A) submitted by Honeywell, which was authored by a U.S. military officer, was produced from the Government's own files and directly refutes the Government's newly asserted and unsupported argument regarding Verney (DE-511). (HW Br. at 62-63.)

In the event the Court grants the Government's motion to strike the Verona article (Exhibit A) from Honeywell's opposition brief, then the Court should also strike the Government's new obviousness defense based upon Verney (DE-511) by itself. As discussed above and in Honeywell's opposition brief, neither Defendants nor Dr. Task ever previously asserted an obviousness defense based on Verney (DE-511) as a primary or secondary reference

that teaches one or more elements of the claimed invention. (HW Br. at 60-61.) Instead, Defendants and Dr. Task relied upon Verney only if necessary as evidence that one of ordinary skill in the art would be motivated to modify or combine other prior art references. (DE-500 at 11-12, ¶ 27; Tr. 719.) By asserting this defense for the first time in its post-trial brief, the Government has deprived Honeywell and its expert of a full and fair opportunity to respond to and/or cross-examine the basis for the Government's new defense. It is particularly inappropriate for the Government to raise this defense for the first time in post-trial briefing, and then challenge Honeywell for not having previously introduced its rebuttal evidence to that defense. Accordingly, to the extent the Court strikes Exhibit A, which Honeywell relies upon solely to rebut the Government's new defense, then the Court should also strike pages 32-35 of the Government's opening post-trial brief, which relate solely to its new defense based on Verney (DE-511) alone.

**D. Conclusion**

For the foregoing reasons, Defendant's Motion to Strike should be denied. If the Court strikes Honeywell's Exhibit A, Honeywell respectfully requests the Court to also strike pages 32-35 of the Government's opening post-trial brief setting forth for the first time the argument to which Honeywell relied upon Exhibit A in response.

Dated: November 26, 2007

Respectfully submitted,

/s/ Lawrence J. Gotts

Lawrence J. Gotts
PAUL, HASTINGS, JANOFSKY & WALKER LLP
875 15th Street, NW
Washington, DC 20006
(202) 551.1700
(202) 551.1705 (fax)

Attorneys for Plaintiffs
*Honeywell International Inc. and Honeywell Intellectual Properties Inc.*

OF COUNSEL:

Mark Koehn
Elizabeth Miller Roesel
PAUL, HASTINGS, JANOFSKY & WALKER LLP
875 15th Street, NW
Washington, DC 20006
(202) 551.1700
(202) 551.1705 (fax)

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of HONEYWELL'S OPPOSITION TO THE GOVERNMENT'S MOTION TO STRIKE AND CROSS-MOTION TO STRIKE THE GOVERNMENT'S NEW OBVIOUSNESS DEFENSE BASED UPON VERNEY (DE-511) ALONE was electronically filed and served via First Class Mail, postage prepaid, on November 26, 2007, on:

John H. Horne, Esq.
Powell Goldstein LLP
One Atlantic Center, 14th Floor
1201 West Peachtree Street, NW
Atlanta, GA 30309-3488
Tel: (404) 572-6600
Fax: (404) 572-6999
Email: jhorne@pogolaw.com

John Harbin, Esq.
King & Spalding, Esq.
1180 Peachtree Street, NE
Atlanta, GA 30309
Tel: (404) 572-4600
Fax: (404) 572-5100
Email: jharbin@kslaw.com
Counsel for L-3 Communications Corporation

Thomas J. Madden, Esq.
Paul A. Debolt, Esq.
Venable LLP
Terrell Place
575 – 7th Street, N.W.
Washington, D.C. 20004-1601
Tel: (202) 344-4000
Fax: (202) 344-8300
E-mail: tjmadden@venable.com
padebolt@venable.com
Counsel for Lockheed Martin Corporation

John Fargo, Esq.
Christopher L. Crumbley, Esq.
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 307-0458
Fax: (202) 307-0345
E-mail: john.fargo@usdoj.gov
christopher.crumbley@usdoj.gov
Counsel for United States

/s/ Sandra S. Kostelecky
Sandra S. Kostelecky