**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| HONEYWELL INTERNATIONAL, INC., and HONEYWELL INTELLECTUAL PROPERTIES, INC., | |
| Plaintiffs, | No. 02-1909C |
| v. | |
| | Judge Susan G. Braden |
| THE UNITED STATES, | |
| Defendant, | |
| and | |
| LOCKHEED MARTIN CORPORATION and L3 COMMUNICATIONS CORPORATION, | |
| Defendant-Intervenors. | |

**DEFENDANT THE UNITED STATES' REPLY IN SUPPORT OF ITS MOTION TO STRIKE PORTIONS OF PLAINTIFFS' OPPOSITION BRIEF**

Defendant the United States ("Government") submits this Reply to address certain arguments contained in plaintiffs Honeywell International, Inc. and Honeywell Intellectual Properties, Inc.'s (collectively, "Honeywell") November 6, 2007 Opposition to the Government's Motion to Strike ("HW Opp.").

At the outset, the Government notes that Honeywell has not attempted to defend its reliance on Exhibit C that was submitted with its October 12, 2007 post-trial brief, and admits that striking the exhibit and the mention of the exhibit on page 119 of the brief would not be error. HW Opp. at 2. The Government appreciates Honeywell's recognition that citation of this

evidence to the Court was improper, and requests that the Court strike these materials as requested by the Government, without opposition from plaintiffs.

## I. CITATIONS TO DR. TASK'S DEPOSITION TESTIMONY, EVEN BY MR. TANNAS, IS IMPROPER HEARSAY EVIDENCE

Honeywell cannot escape the fact that it quoted out-of-context excerpts of Dr. Task's deposition - *which it does not dispute is hearsay* - in its post-trial brief. Honeywell's argument that Dr. Task's deposition testimony was also quoted in Mr. Tannas' direct testimony at trial is of no moment. Inadmissible hearsay cannot be transformed into admissible evidence, merely because Mr. Tannas quoted the transcript in his testimony.

On pages 43 and 68 of its post-trial brief, Honeywell directly quotes Dr. Task's deposition testimony.[1] The testimony is clearly offered to prove the truth of the matter allegedly asserted; Honeywell's Opposition even goes so far as to call Dr. Task's statement an "admission". HW Opp. at 4. Read in context in the deposition transcript, Dr. Task's statement is clearly not an admission of anything, but this is beside the point. Rather, the issue is that Honeywell, rather than asking Dr. Task this question at trial and allowing him to explain the statement to the Court, attempts to play "gotcha" with a deposition transcript quoted out of context, by presenting it as support for its post-trial briefing arguments. *See* Fed. R. Evid. 613(b).

Honeywell cannot "back-door" hearsay into evidence by having its expert cite a deposition transcript. Experts can only rely on inadmissible evidence if it is "of the type

---

[1]Honeywell correctly notes that the Government's motion cited pages 43 and 100, not 68. This error was due to the fact that page 100 of Honeywell's brief appears to cite to Dr. Task's testimony in the text, but the supporting citation is to Mr. Tannas' testimony, which has nothing to do with Dr. Task's testimony. (HW Br. at 100) (supporting sentence beginning with "Dr. Task never even asserted..." with citation to Mr. Tannas direct testimony which does not mention Dr. Task.) While misleading, the Government does not ask that the Court strike this citation.

reasonably relied upon by experts in the particular field in forming opinions." Fed. R. Evid. 703. There is certainly nothing to show that members of Mr. Tannas' field reasonably rely on hearsay evidence. Further, even if such evidence were reasonably relied upon, Rule 703 only permits introduction of the hearsay to permit the expert to explain the basis for his opinion, *not to prove the truth of the matter asserted*. *See Engebretsen v. Fairchild Aircraft Corp.*, 21 F.3d 721, 728 (6th Cir. 1994) ("Rules 702 and 703 do not, however, permit the admission of materials, relied on by an expert witness, for the truth of the matters they contain if the materials are otherwise inadmissible."); *Paddack v. Dave Christensen, Inc.,* 745 F.2d 1254, 1261-62 (9th Cir. 1984); *see also Hutchinson v. Groskin*, 927 F.2d 722, 725 (2d Cir. 1991) (affirming trial court denial of attempt to use expert as "conduit" for hearsay). Honeywell clearly is attempting to use Dr. Task's testimony for the truth of the matter asserted. This is improper, and should not be permitted.

The other argument made by Honeywell as support for its citation of hearsay barely merits a response. Honeywell has the temerity to suggest that the Government has waived objections to Mr. Tannas' citation of hearsay, *because no objection was raised at trial*. This is clearly contrary to the practice the parties have followed throughout the case of reserving evidentiary objections to exhibits until the post-trial period, a practice the Court has sanctioned. Honeywell's trial counsel explicitly recognized this practice at trial and cannot feign ignorance of it now. *See* Damages Trial Transcript at 2592 (MR. GOTTS: "We reserve all objections but the ones that I picked up on right now, Your Honor, I'll just note them.").

There is simply no reason, in precedent or in this Court's practice, to allow Honeywell to cite as evidence a hearsay statement taken out of context and without the ability for the witness to

explain the statement. For Honeywell to attempt to warp this into an "admission" merely invites error. The Court should strike the references to Dr. Task's deposition at paragraphs 43 and 68 of Honeywell's brief.

## II. HONEYWELL CANNOT FEIGN SURPRISE AND INTRODUCE NEW EVIDENCE AT THIS LATE DATE

In an attempt to justify its late submission of Exhibit A with its post-trial brief, Honeywell claims that the Government has "minted" a new obviousness defense and that Exhibit A is necessary to respond to this defense. HW Opp at 5. Neither of these claims are true, and Honeywell should not be permitted to submit new evidence, upon which *no witness has provided testimony*, at this late stage of the case.

Contrary to Honeywell's assertion, the Government has not improperly raised a defense for the first time in its post-trial briefing. As the Court recalls, at the defenses trial Honeywell's expert, Mr. Tannas, made a number of admissions that were highly damaging to Honeywell's claim that claim 2 of the '914 patent would not have been obvious in 1985. The Government's post-trial brief merely reacted to these admissions - *which Mr. Tannas had not previously made* - by recognizing that those admissions could be combined with the Verney article (DE-511) to come to a conclusion that claim 2 was invalid. There is *nothing* improper about the Government summarizing for the Court in post-trial briefing evidence that arose for the first time at trial and basing its arguments off Mr. Tannas' new admissions. This is of a *completely* different nature than Honeywell's attempt to *introduce* new evidence in an attempt to counteract its own expert's damaging admissions. Honeywell's argument obviously fails to recognize the purpose of post-trial briefing.

Worse still, the document in Exhibit A has nothing to do with anything "new" that comes out of the combination of Verney with Mr. Tannas' admissions. Honeywell claims that it needs to use Exhibit A to respond to the Government's evidence that ANVIS goggles contain a 625 nm objective lens filter. HW Opp. at 6. Unfortunately for Honeywell, it has been aware of such evidence since at least June of 2005, when Dr. Task submitted his original expert report on invalidity. There is simply no excuse for Honeywell waiting almost two and a half years to attempt to introduce rebuttal evidence on this point.

Honeywell did not see fit to challenge the evidence regarding the filter cutoff on the ANVIS goggles when it was introduced years ago; having made its choice, it should not be permitted to reopen the record to make the challenge today. The Court should strike Exhibit A, as well the portion of page 63 of Honeywell's post-trial brief that relies on this exhibit.

Submitted by,

MICHAEL F. HERTZ
Deputy Assistant Attorney General

JOHN FARGO
Director

Dated: December 7, 2007

s/*Christopher L. Crumbley*
CHRISTOPHER L. CRUMBLEY
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, D. C. 20530
Telephone: (202) 307-0415
Facsimile: (202) 307-0345

Attorneys for the United States

OF COUNSEL:
TREVOR M. JEFFERSON