IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| HONEYWELL INTERNATIONAL INC., and HONEYWELL INTELLECTUAL PROPERTIES INC.,<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant, and<br><br>LOCKHEED MARTIN CORP. and L3 COMMUNICATIONS CORP.,<br><br>Defendant-Intervenors. | No. 02-1909C<br>(Judge Braden) |

**HONEYWELL'S REPLY IN SUPPORT OF ITS CROSS-MOTION TO STRIKE THE GOVERNMENT'S NEW OBVIOUSNESS DEFENSE BASED UPON VERNEY (DE-511) ALONE**

Plaintiffs Honeywell International Inc. and Honeywell Intellectual Properties Inc. (collectively, "Honeywell") submit this reply in support of their cross-motion to strike pages 32-35 of the Government's opening post-trial brief on defenses dated August 24, 2007.

The Government does not deny that its obviousness defense based on the Verney article (DE-511) was raised for the first time in its brief filed on August 24, 2007. Nor does the Government disagree that its expert, Dr. Task, never asserted the '914 invention would have been obvious in 1985 in view of Verney (DE-511) alone. Instead, the Government attempts to justify its new defense by asserting that the relevant portion of its August 24th brief merely summarizes evidence that arose for the first time at trial. The Government's assertion is incorrect in two respects.

*First,* the Government's new obviousness argument does not summarize the evidence at trial because there was no testimony from any witness, including the Government's expert, that the '914 invention would have been obvious in view of Verney (DE-511) alone. Indeed, Dr. Task did not even include Verney in his table summarizing the possible combinations of prior art references and instead relied on Verney only "[i]f necessary … to provide the motivation to modify or combine." (DE-500 at 11-12, ¶ 27.)

*Second,* there were no "admissions" from Mr. Tannas that relate to Verney (DE-511). The testimony that the Government labels "admissions" relates to two other references, Uchida (DE-515) and the '963 patent (DE-519), and *did not* arise for the first time at trial. Indeed, Mr. Tannas gave the same testimony at his deposition, namely that Uchida (DE-515) has a filter for filtering the blue color band and a filter for filtering the green color band. (Tannas 10/13/06 Dep. Tr. 185-86.)

Thus the Government's obviousness defense based on Verney (DE-511) as argued at pages 32-35 of its August 24, 2007 brief is *not* based on any evidence at trial, much less any evidence that could be characterized as "new." Rather, the Government's obviousness defense based on Verney alone was raised for the first time in the Government's post-trial brief and should therefore be stricken. To the extent the Court considers this new defense, it should also consider the article submitted as Exhibit A to Honeywell's October 15, 2007 brief, which is relied upon solely in rebuttal to the Government's new defense. Contrary to the Government's argument, the Government never previously relied upon any assertion that ANVIS goggles have a 625 nm objective lens filter as support for any invalidity defense, and to the extent the Government is permitted to raise this new defense in its post-trial brief, Honeywell should be permitted to rebut that defense with Exhibit A, which was authored by a U.S. military officer and

produced from the Government's own files.

Dated: December 18, 2007

Respectfully submitted,

/s/ Lawrence J. Gotts
Lawrence J. Gotts
PAUL, HASTINGS, JANOFSKY & WALKER LLP
875 15th Street, NW
Washington, DC 20006
(202) 551.1700
(202) 551.1705 (fax)

Attorneys for Plaintiffs
*Honeywell International Inc. and Honeywell Intellectual Properties Inc.*

OF COUNSEL:

Mark Koehn
Elizabeth Miller Roesel
PAUL, HASTINGS, JANOFSKY & WALKER LLP
875 15th Street, NW
Washington, DC 20006
(202) 551.1700
(202) 551.1705 (fax)

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of HONEYWELL'S REPLY IN SUPPORT OF ITS CROSS-MOTION TO STRIKE THE GOVERNMENT'S NEW OBVIOUSNESS DEFENSE BASED UPON VERNEY (DE-511) ALONE was electronically filed and served via First Class Mail, postage prepaid, on December 18, 2007, on:

John H. Horne, Esq.
Powell Goldstein LLP
One Atlantic Center, 14th Floor
1201 West Peachtree Street, NW
Atlanta, GA 30309-3488
Tel: (404) 572-6600
Fax: (404) 572-6999
Email: jhorne@pogolaw.com

John Harbin, Esq.
King & Spalding, Esq.
1180 Peachtree Street, NE
Atlanta, GA 30309
Tel: (404) 572-4600
Fax: (404) 572-5100
Email: jharbin@kslaw.com
Counsel for L-3 Communications Corporation

Thomas J. Madden, Esq.
Paul A. Debolt, Esq.
Venable LLP
Terrell Place
575 – 7th Street, N.W.
Washington, D.C. 20004-1601
Tel: (202) 344-4000
Fax: (202) 344-8300
E-mail: tjmadden@venable.com
padebolt@venable.com
Counsel for Lockheed Martin Corporation

John Fargo, Esq.
Christopher L. Crumbley, Esq.
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 307-0458
Fax: (202) 307-0345
E-mail: john.fargo@usdoj.gov
christopher.crumbley@usdoj.gov
Counsel for United States

/s/ Sandra S. Kostelecky
Sandra S. Kostelecky

LEGAL_US_E # 77611669.1