IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| HONEYWELL INTERNATIONAL INC., and HONEYWELL INTELLECTUAL PROPERTIES INC.,<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant, and<br><br>LOCKHEED MARTIN CORP. and L3 COMMUNICATIONS CORP.,<br><br>Defendant-Intervenors. | ) | No. 02-1909C<br>(Judge Braden) |

**JOINT SUBMISSION REGARDING EXHIBITS OFFERED BY PLAINTIFFS AND OBJECTED TO BY DEFENDANT**

The parties seek a ruling from the Court regarding the following exhibits, which have been offered into evidence by Plaintiffs Honeywell International Inc. and Honeywell Intellectual Properties Inc. (collectively “Honeywell”) and objected to by Defendant The United States (the “Government”).

**1. <u>PTX-585</u>**

**<u>Description</u>:** Deposition of David McLure, dated May 24, 2005 (attached at TAB A; Rule 30(b)(6) notice (McLure Ex. 2) is attached at TAB B.)

Honeywell is offering the deposition transcript in its entirety.

**July 26, 2006 trial transcript (Secrecy Act) where PTX-585 was offered:**

7/26/06 Tr. 685:

MR. GOTTS: With respect to depositions, we are moving in Plaintiff's Trial Exhibit 582, that was the Reetz deposition. It was a 30(b)(6) on certain topics and we're moving that in as a 30(b)(6). Plaintiff's Trial Exhibit 585 is Mr. McLure's deposition that has his 30(b)(6) testimony in it as well. And then Plaintiff's Trial Exhibit 602 and 604 are the depositions of Ms. Bryner and Mr. Byrd that were taken this week. And we are offering those in our case-in-chief as well.

7/26/06 Tr. 688:

MR. CRUMBLEY: Yes, Your Honor. And we also actually have problems with the 30(b)(6)'s coming in to the extent that Honeywell deposed the witnesses on things that were not 30(b)(6) topics.

THE COURT: Did you object to that?

MR. CRUMBLEY: I did. I objected throughout both of them that they were going beyond the scope. Now, we permitted to go forward in the personal capacity. But to the extent, again, they were free or present to testify in their personal capacity, we would request Honeywell propose what pages pertain to the 30(b)(6) that they are offering in. We can come to an agreement on that, I assume, and then this is probably not before the Court, but I would strongly object.

THE COURT: Why don't we do that.

**Government's objection to PTX-585:**

Improper use of deposition – Honeywell agreed to designate portions of the deposition but did not do so for up to two years and should not be permitted to do so now after the fact.

Defendants re-assert all objections made during the deposition.

The following designated sections are objectionable because they are outside the scope of the 30(b)(6) deposition notice, or are duplicative of the witness' trial testimony: pp. 60:19 – 90:6; 184:7 – 187:7; 269:2 – 281:22; 304:9 – 310:7; 325:2 – 331:4; 331:12 – 331:19; 332:4 – 337:5; 345:22 – 352:20.

**2. PTX-836**

**Description:** Deposition of James C. Byrd, dated July 20, 2006 (attached at TAB C)

Honeywell is offering the following designated portions of the deposition transcript: pp. 29:1-39:1; 47:9 - 54:18; 73:10 - 75:18; 77:3-20; 79:5 - 80:6; 96:11 - 97:8; 102:14-19; and 21:12 - 122:7.

**December 14, 2006 trial transcript (defenses) where PTX-836 was offered:**

12/14/06 Tr. 1513:

> MR. GOTTS: Your Honor, at this time, plaintiffs would offer Plaintiff's Trial Exhibits 801 through 836 from our exhibit list, as well as Plaintiff's Trial Exhibits 901 through 937, which are demonstratives.

12/14/06 Tr. 1514-15:

> MR. CRUMBLEY: The other issue is we had an agreement with plaintiff's counsel about the deposition of Mr. Byrd, that the agreement was that we were going to designate and counterdesignate sections instead of offering the entire thing into evidence.
>
> MR. GOTTS: Right.
>
> MR. CRUMBLEY: I don't know what Mr. Gotts is offering now, what we haven't seen in the designations, so –
>
> MR. GOTTS: What I will do is offer it subject to the designation and counterdesignations that we discussed with counsel. I just want to put it in the record. And I do agree that that was the understanding, we would designate and counterdesignate that deposition.
>
> MR. CRUMBLEY: So are we handing up the entire deposition?
>
> MR. GOTTS: I hand it up now and the same way it will be done with others –
>
> THE COURT: I think that's fine. What I would like to do, which is what I normally do, I am going to give you an order before I issue any final opinion. And then you all can be sure what's in the record for yourselves and you are responsible for doing that.

> MR. GOTTS: I will state for the record that Mr. Crumbley is correct that we agreed to designate and counterdesignate the Byrd deposition.
>
> THE COURT: All right.

**<u>Government's objection to PTX-836:</u>**

Improper use of deposition - Honeywell agreed to designate portions of the deposition but did not do so for up to two years and should not be permitted to do so now after the fact.

Defendants re-assert all objections made during the deposition.

The following designated sections are objectionable because they are duplicative of the witness' trial testimony: pp. 29:1-39:1; 47:9 - 54:18; 73:10 - 75:18; 77:3-20; 102:14- 19; and 21:12 - 122:7.

The following designated sections are permissible (subject to objections made at deposition, which are reasserted here) so long as Defendants' counterdesignation is permitted: pp. 79:5 – 80:6; 96:11 – 97:8.

COUNTERDESIGNATION: pp. 97:9 –98:18.

**3. <u>PTX-1334</u>**

**<u>Description</u>:** Department of Defense Technical Report on Criminal Vulnerability and Fraud (attached at TAB D)

**<u>March 1, 2007 trial transcript (damages) where PTX-1334 was offered:</u>**

> <u>3/1/2007 Tr. 2242-44:</u>
>
> MR. GOTTS: So I have already offered, and I think in evidence are Plaintiff's Trial Exhibits 1000 through 1007. That was the materials Ms. Davis is referring to on the stand, her summary materials and the like. And I think that's already been offered.
>
> And following that, I would like to offer into evidence Plaintiff's Trial Exhibits 1020 through 1066, Plaintiff's Trial Exhibits 1068

through 1176, Plaintiff's Trial Exhibits 1184 through 1353, and then offer as demonstratives -- did you get the last number, 1353? Yes, I'm sorry.

And then as demonstrative only would be Plaintiff's Trial Exhibits 1900 through 1905. And that, I believe that's it, Your Honor.

THE COURT: All right.

MR. CRUMBLEY: Of course, Your Honor, reserving objections to authenticity and things like that, we have no objection.

THE COURT: Mr. Madden?

MR. MADDEN: No objection.

THE COURT: Mr. Harbin?

MR. HARBIN: Your Honor, there are some exhibits, depositions in here we might have objections to specific questions as we talked about in Honeywell, but I don't -- we can work that out, I think. Otherwise I don't think I have any objection.

THE COURT: All right.

MR. GOTTS: Thank you, Your Honor.

THE COURT: I will have -- those are admitted.

**<u>Government's objection to PTX-1334:</u>**

Unsupported by testimony; hearsay; lacks foundation; irrelevant.

**4. <u>PTX-1356</u>**

**<u>Description</u>:** Defense Procurement and Acquisition Policy (attached at TAB E)

**<u>March 1, 2007 trial transcript (damages) where PTX-1356 was offered:</u>**

<u>3/1/2007 Tr. 2279-80:</u>

Q. Okay. Your Honor, we would offer PTX-1356.

MR. CRUMBLEY: I object to the foundation for the exhibit, Your Honor, and the fact that authenticity, we will reserve that, as well as the fact that it was offered, I think, only to refresh recollection, so I don't see why it needs to come in.

> THE COURT: Well, they closed their case. I don't know what he is doing. Mr. Harbin?
>
> MR. HARBIN: I second the objections, Your Honor.
>
> MR. MADDEN: I join in the same objections. The testimony has nothing to do with this case and with the purchases in this case.
>
> MR. GOTTS: Just for the record, Your Honor, I guess, first of all, this witness was tendered on these very issues in their case, not in our case. And we, if we introduce evidence in their case, that is relevant to the direct testimony or that is appropriate to offer it, so we take objection to the –
>
> THE COURT: I am going to leave it in the record. I think you know what my views are of this, I have to say. All right, Mr. Harbin.

**Government's objection to PTX-1356:**

Lacks foundation; unsupported by testimony (was used in failed attempt to refresh recollection).

DATED: July 3, 2008

HONEYWELL INTERNATIONAL INC., and HONEYWELL INTELLECTUAL PROPERTIES INC.,

/s/Lawrence J. Gotts
Lawrence J. Gotts, Esq.
PAUL, HASTINGS, JANOFSKY & WALKER LLP
875 15th Street, NW
Washington, DC 20006
(202) 551.1700
(202) 551.1705 (fax)
Counsel for Honeywell International Inc. and Honeywell Intellectual Properties Inc.

UNITED STATES OF AMERICA

GREGORY D. KATSAS
Assistant Attorney General

JOHN FARGO
Director

/s/Christopher L. Crumbley by /s/Lawrence J. Gotts
Christopher L. Crumbley
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, D. C. 20530
Telephone: (202) 307-0415
Facsimile: (202) 307-0345
Counsel for United States

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of JOINT SUBMISSION REGARDING EXHIBITS OFFERED BY PLAINTIFFS AND OBJECTED TO BY DEFENDANT was filed electronically and served via First Class Mail, postage prepaid, on July 3, 2008, on:

John W. Harbin, Esq.
King & Spalding
1180 Peachtree Street, NE
Atlanta, GA 30309
Tel: (404) 572-4600
Fax: (404) 572-5100
Email: jharbin@kslaw.com

Counsel for L-3 Communications Corporation

Thomas J. Madden, Esq.
Paul A. Debolt, Esq.
Venable LLP
Terrell Place
575 – 7th Street, N.W.
Washington, D.C. 20004-1601
Tel: (202) 344-4000
Fax: (202) 344-8300
Email: tjmadden@venable.com
padebolt@venable.com

Counsel for Lockheed Martin Corporation

/s/Mark Koehn
Mark Koehn

LEGAL_US_E # 80054329.1