# In the United States Court of Federal Claims

No. 02-1909C
Filed: July 16, 2008

*************************************
*
HONEYWELL INTERNATIONAL INC., *
and HONEYWELL INTELLECTUAL *
PROPERTIES INC., Plaintiffs, *
*
v. *
*
THE UNITED STATES, *
Defendant, and *
*
LOCKHEED MARTIN CORP. *
and L-3 COMMUNICATIONS CORP., *
Defendant-Intervenor. *
*
*************************************

**FINAL ORDER**

On June 14, 2005, the court issued a Memorandum Opinion And Order in *Honeywell Int'l Inc.* v. *United States*, 66 Fed. Cl. 400 (2005), Construing Certain Claims of United States Patent No. 6,467,914 (the "'914 patent"). From August 1, 2005 to August 8, 2005, the court held an evidentiary hearing regarding patent infringement allegations as to: (1) the display system for F-16 aircraft, including one or more Color Multifunction Display ("CMFD"), manufactured by a predecessor to Honeywell, together with one or more night vision goggle having a Class B or Class C minus blue filter ("NVG"); (2) the display system for C-130H aircraft, including one or more Radar Display Unit ("RDU") manufactured by L-3 (or its predecessor Avionics Display Corporation), together with one or more NVG; and (3) the display system for C-130J aircraft, including one or more Color Multifunction Display Unit ("CMDU") manufactured by L-3, together with one or more NVG (hereinafter, the "Designated Display Systems"). On April 28, 2006, the court issued a Memorandum Opinion and Order in *Honeywell Int'l Inc.* v. *United States*, 70 Fed. Cl. 424 (2006), Regarding Infringement Of United States Patent No. 6,467,914, holding that none of the Designated Display Systems infringed claim 1 or claim 3 of the '914 patent.

In light of the above referenced Memorandum Opinions and Orders, incorporated herein, Honeywell International Inc. and Honeywell Intellectual Properties, Inc. (collectively, "Honeywell"), as a matter of law, cannot establish infringement as to claims 1 and 3 of the '914 patent regarding products other than the Designated Display Systems. Honeywell's ability to pursue such claims is

dependant upon reversal, removal, modification, or other alteration of either or both of these decisions on appeal. On July 3, 2008, the parties stipulated and the court herein orders that: Honeywell's right to appeal from this Final Judgment is expressly reserved and, in the event that Honeywell prevails on appeal, Honeywell's right to pursue any claims regarding non-Designated Display Systems is expressly reserved.

Accordingly, pursuant to RCFC 58, the Clerk of the United States Court of Federal Claims is hereby directed to enter Final Judgment in favor of the Government with respect to Counts I and II of the May 31, 2005 Amended Complaint.

**IT IS SO ORDERED.**

s/ Susan G. Braden
**SUSAN G. BRADEN**
**Judge**