# In the United States Court of Federal Claims

No. 02-1909 C
Filed: February 5, 2014

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|  |  |
|---|---|
| HONEYWELL INTERNATIONAL INC. and HONEYWELL INTELLECTUAL PROPERTIES INC., | \* |
| Plaintiffs, | \* |
| v. | \* |
| THE UNITED STATES, | \* |
| Defendant, | \* |
| LOCKHEED MARTIN CORP., | \* |
| Defendant-Intervenor, and | \* |
| L-3 COMMUNICATIONS CORP., | \* |
| Defendant-Intervenor. | \* |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**STIPULATED FINAL JUDGMENT ORDER**

On June 14, 2005, the court issued a Memorandum Opinion and Order ascertaining that it had jurisdiction to adjudicate the claims in the May 31, 2005 Amended Complaint. *See Honeywell Int'l Inc. v. United States*, 66 Fed. Cl. 400, 419–20 (2005). Also on June 14, 2005, the court construed the claims of Patent Number 6,467,914 (the '914 patent). *See id.* at 428–87 (2005). On March 25, 2010, the United States Court of Appeals for the Federal Circuit, on rehearing, held that the '914 patent was valid and non-obvious. *Honeywell Int'l Inc. v. United States*, 609 F.3d 1292, 1301–02 (Fed. Cir. 2010). On remand, the court found that Honeywell was entitled to $1,892,551 in damages, pursuant to 28 U.S.C. § 1498(a), plus compensation for delay, for the Government's use of the '914 patent. *See Honeywell Int'l v. United States*, 107 Fed. Cl. 659, 701 (2012).

On January 17, 2014, Plaintiffs filed a Stipulation For The Entry Of Final Judgment. On February 4, 2014, Defendant-Intervenors filed a notice stating that they have no objection to the Stipulation.

In light of the court's decisions, and the decisions of our appellate court, the parties have stipulated that:

1. Honeywell warrants that it is the exclusive owner of all right, title and interest in U.S. Patent Number 6,467,914 (the '914 patent) and it has the right to grant licenses in the '914 patent, as that term is defined below in paragraph 3(d).

2. Honeywell brought this action pursuant to 28 U.S.C. § 1498(a), seeking reasonable and entire compensation for the alleged infringement by or for the Government of the '914 patent, and seeking just compensation pursuant to the Invention Secrecy Act, 35 U.S.C. § 183.

3. Honeywell has submitted a written offer to the Government to settle this action by:

   a. Releasing the Government from any and all claims for infringement, or unauthorized manufacture or use by or for the Government under 28 U.S.C. § 1498, of any subject matter claimed in the '914 patent;

   b. Releasing the Government from any claims that were brought or could have been brought, in Honeywell v. United States, Case Number 02-1909C (Fed. Cl.) with regard to the '914 patent, including claims under the Foreign Assistance Act, 22 U.S.C. § 2356, and the Invention Secrecy Act, 35 U.S.C. § 183;

   c. Granting to the Government, a worldwide, non-exclusive, irrevocable and fully paid-up license for the Government or any person acting on its behalf to manufacture, make, use, offer to sell, sell, import and/or export for Government purposes only any subject matter described or claimed in the '914 patent; provided, however, that the license granted to persons acting on behalf of the Government is limited to those activities undertaken by or for the Government with its authorization and consent, such that any claim for infringement would be within the exclusive jurisdiction of the United States Court of Federal Claims pursuant to 28 U.S.C. § 1498(a) if brought against the Government or would be subject to dismissal or transfer pursuant to section 1498 if brought in any other court against the person acting with such authorization and consent;

   d. As used herein, "'914 patent" includes any re-examined or reissued version of same and including any patent issuing from any continuation, continuation-in-part or divisional application claiming priority from the application that issued as the '914 patent, and any foreign counterpart patent.

4. The Government, by its authorized representative of the Attorney General, has duly agreed to accept this offer.

5. In consideration for this Stipulation for Entry of Final Judgment and the terms set forth in paragraph 3 above, the parties have agreed that final judgment in this action be entered in favor of Honeywell and against the Government for the total lump sum of seventy-five million dollars ($75,000,000.00). Said judgment shall not be appealed by either party.

6. In accordance with the terms of the offer and the acceptance and to secure the performance thereof, the Government, by its authorized representative of the Attorney General, and Honeywell hereby enter into this Stipulation to be filed in the above-identified action for the purpose of causing a final judgment to be entered against the Government in accordance with the terms set forth above.

7. Each party shall bear its own costs and attorneys' fees.

The Clerk of the Court is directed to enter judgment consistent with the January 17, 2014 Stipulation and this Order, including a judgment for $75,000,000.00 against the Government.

**IT IS SO ORDERED.**

s/ Susan G. Braden
**SUSAN G. BRADEN**
**Judge**